**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| NORMAN LINNELL, | 2:10-cv-00610-ECR-GWF |
| Plaintiff, | |
| vs. | **Order** |
| CARRABBA'S ITALIAN GRILL, LLC, and DOES 1 through 10, inclusive, | |
| Defendant. | |

This case arises out of injuries sustained after a fall in the men's restroom of Carrabba's Italian Grill in Las Vegas, Nevada. Now pending is a motion for summary judgment (#16) filed by Defendant. The motion is ripe, and we now rule on it.

### I. Factual and Procedural Background

On February 12, 2010, Plaintiff Norman Linnell ("Linnell" or "Plaintiff") entered the men's restroom in Carrabba's Italian Grill ("Carrabba's") in Las Vegas, Nevada alone on crutches, or alternatively, carrying crutches. (Mot. for Summary Judgment at 1 (#16).) After he failed to return, Plaintiff's son-in-law, Richard Carney ("Richard") found him lying on the floor of the restroom. (Opp. to Mot. for Summary Judgment at 8 (#17).) Plaintiff asserts that Richard and Plaintiff's daughter, Maureen Carney ("Maureen"), and the responding paramedic testified that the floor was wet when

1 they found Plaintiff. (Id. at 15.) Richard also testified that he
2 observed a janitor with a bucket and mop heading towards the men's
3 restroom right before Richard entered the restroom and found
4 Plaintiff on the floor. (Id. at 7.) The paramedic testified that
5 the call for help was received at 10:33 p.m. (Opp. Ex. 3 at 14
6 (#17-4).)

7 Defendant asserts that there are multiple inspections
8 throughout the day, there were no malfunctioning toilets, urinals,
9 or sinks, and Defendant's employees observed no water on the floor
10 before Plaintiff's fall. (Reply at 3 (#20).)

11 Plaintiff is eighty-nine years old, and at the time of his
12 fall, was working full-time for the McGill Club in McGill, Nevada.
13 (Opp. at 1 (#17).) While Plaintiff has testified that he has no
14 problems walking, his medical records show that he has previously
15 complained of weakness in his legs and frequent falls. (Mot. for
16 Summary Judgment at 3 (#16).)[1] On February 7, 2010, Plaintiff
17 arrived at William Bee Ririe Hospital in a wheelchair, complaining
18 of a groin injury. (Id. at 4.) On February 12, 2010, the date of
19 the accident at issue here, Plaintiff went to Centennial Hill
20 Hospital for the same groin injury, accompanied by Maureen and
21 Richard Carney. (Id. at 5.) At the hospital, he went through
22 several examinations and was administered the medications Dilaudid
23 and Ativan. (Id.) Upon discharge from the hospital, Plaintiff
24 headed to Carrabba's with Maureen and Richard. (Id.)

---

[1] We note that this evidence would be admissible at trial because evidence regarding pre-existing medical conditions that may have caused or contributed to a slip-and-fall are admissible. See Sementilli v. Trinidad Corp., 155 F.3d 1130, 1133 (9th Cir. 1998).

2

1    On March 30, 2010, Plaintiff filed suit in the Eighth Judicial
2 District Court of Clark County, Nevada.  (Pet. for Removal (#1).)
3 On April 28, 2010, Defendant removed the action to the United States
4 District Court for the District of Nevada on the basis of diversity
5 jurisdiction.  (Id.)
6    On January 26, 2011, Defendant filed a motion for summary
7 judgment (#16).  On February 8, 2011, Plaintiff filed an opposition
8 (#17) to the motion for summary judgment (#16).  On February 9,
9 2011, Plaintiff filed an errata (#18) to the opposition (#17).  On
10 February 25, 2011, Defendant filed a reply (#20) in support of its
11 motion for summary judgment (#16).
12    A hearing on the motion for summary judgment (#16) was held on
13 June 14, 2011.
14
15                      **II. Standard of Review**
16    Summary judgment allows courts to avoid unnecessary trials
17 where no material factual dispute exists.  N.W. Motorcycle Ass'n v.
18 U.S. Dep't of Agric., 18 F.3d 1468, 1471 (9th Cir. 1994).  "On a
19 motion for summary judgment, 'facts must be viewed in the light most
20 favorable to the nonmoving party only if there is a 'genuine'
21 dispute as to those facts.'"  Ricci v. DeStefano, 129 S.Ct. 2658,
22 2677 (2009) (quoting Scott v. Harris, 550 U.S. 372, 380 (2007)).
23 "Where the record taken as a whole could not lead a rational trier
24 of fact to find for the nonmoving party, there is no genuine issue
25 for trial."  Ricci, 129 S.Ct. at 2677 (quoting Matsushita Elec.
26 Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).
27 Where reasonable minds could differ on the material facts at issue,
28

however, summary judgment should not be granted. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 116 S.Ct. 1261 (1996).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing that there exists a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Although the parties may submit evidence in an inadmissible form — namely, depositions, admissions, interrogatory answers, and affidavits — only evidence which might be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment. FED. R. CIV. P. 56(c); Beyene v. Coleman Sec. Servs., Inc., 854 F.2d 1179, 1181 (9th Cir. 1988).

In deciding whether to grant summary judgment, a court must take three necessary steps: (1) it must determine whether a fact is material; (2) it must determine whether there exists a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) it must consider that evidence in light of the appropriate standard of proof. Anderson, 477 U.S. at 248. Summary judgment is not proper if material factual issues exist for trial. B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir. 1999). "As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly

4

1  preclude the entry of summary judgment." Anderson, 477 U.S. at 248.
2  Disputes over irrelevant or unnecessary facts should not be
3  considered. Id. Where there is a complete failure of proof on an
4  essential element of the nonmoving party's case, all other facts
5  become immaterial, and the moving party is entitled to judgment as a
6  matter of law. Celotex, 477 U.S. at 323. Summary judgment is not a
7  disfavored procedural shortcut, but rather an integral part of the
8  federal rules as a whole. Id.

## III. Discussion

11  The Nevada Supreme Court has held that the "general rule in
12 section 146 [of the Restatement (Second) of Conflict of Laws]
13 requires the court to apply the law of the state where the injury
14 took place." Gen. Motors Corp. v. Eighth Judicial Dist. Court, 134
15 P.3d 111, 117 (Nev. 2006). The injury in this case took place at
16 Carrabba's Italian Grill in Las Vegas, Nevada, and therefore, Nevada
17 law applies. (Mot. for Summary Judgment at 1 (#16).) In Nevada, to
18 prevail on a negligence theory, a plaintiff generally must establish
19 duty, breach of that duty, causation, and damages. Perez v. Las
20 Vegas Medical Center, 805 P.2d 589, 590-591 (Nev. 1991). Defendant
21 may prevail on a motion for summary judgment by negating at least
22 one of the elements of negligence. Id. at 591.
23  In this case, Defendant owed a duty of care to Plaintiff
24 because Plaintiff was a customer in Defendant's establishment. "[A]
25 business owes its patrons a duty to keep the premises in a
26 reasonably safe condition for use." Sprague v. Lucky Stores, Inc.,
27 849 P.2d 320, 322 (Nev. 1993). However, a business will only be

5

1  liable in a slip-and-fall due to a foreign substance if the foreign
2  substance was on the floor because of actions of the business owner
3  or one of its agents, or if the business had "actual or constructive
4  notice of the condition and failed to remedy it." Id. at 322-323.
5  In this case, Plaintiff has not alleged that the water on the
6  restroom floor resulted from any actions of Carrabba's owner or his
7  agents.  Plaintiff merely alleges that certain members of
8  Plaintiff's family, and the responding paramedic, observed some
9  amount of water on the floor after Plaintiff's accident.
10       In Sprague, the court noted that whether Lucky Stores, Inc. was
11 under constructive notice of the presence of a grape on the floor
12 was a question of fact. Id. at 323.  In that case, however, the
13 plaintiff presented evidence that Lucky Stores, Inc. knew that
14 produce was frequently on the floor and that the produce was
15 hazardous. Id.  Therefore, "[a] reasonable jury could have
16 determined that the virtually continual debris on the produce
17 department floor put Lucky on constructive notice" of a hazardous
18 condition. Id.
19      In this case, Plaintiff's evidence concerning notice is
20 comprised principally of a statement by Plaintiff's son-in-law,
21 Richard, stating that directly before entering the restroom in
22 search of Plaintiff, Richard observed a "janitor with a bucket and
23 mop" heading towards the men's room.  (Opp. to Mot. for Summary
24 Judgment at 7-8 (#17).) While Plaintiff fails to specify the
25 relevance of Richard's observation, we infer that the quote about a
26 janitor with a bucket and a mop was intended to serve as evidence
27 that Carrabba's was on actual notice of water on the men's room
28

6

floor that needed to be cleaned up.  Plaintiff also included a reference to the statement of Carrabba's manager, Kyle Dowdy, that a mop and bucket are not normally required during business hours. (Id. at 13.)

Plaintiff also argues that there is a factual issue as to "whether there was enough water that Carraba's [sic] should have been on notice that the floor was wet, especially if bus boys are inspecting the restroom every 15 minutes as Mr. Dowdy contends." (Id. at 14.)  We do not believe that the amount of water on the floor necessarily provides evidence of constructive notice, absent any additional evidence.  However, we note that while the amount of water on the floor is not by itself sufficient to infer notice, it may be considered at trial in conjunction with the evidence of the janitor with the bucket and mop.

The circumstances in this case are markedly different from those in Sprague v. Lucky Stores, in which frequent instances of spilled produce could have put the defendant on constructive notice of a hazardous condition.  Plaintiff has not alleged that Carrabba's had any history of water or other debris in the restrooms that posed a hazardous condition.  The mere fact that the men's room in Carrabba's allegedly had water on the floor on this one occasion is simply not enough to serve as constructive notice.  The fact that Carrabba's allegedly checks its restrooms frequently throughout the day does not change that conclusion.  Water, if it was indeed on the floor before Plaintiff's fall, could have been on the floor between inspections.  However, taking the evidence regarding water on the floor along with the evidence that a janitor was headed to the

1  restroom with a bucket and a mop in the light most favorable to
2  Plaintiff, we conclude that Plaintiff has shown that there exists a
3  genuine issue of material fact on the matter of actual or
4  constructive notice.
5       Finally, Defendant contends that Plaintiff has failed to show
6  actual or proximate causation of Plaintiff's injuries by any breach
7  of Defendant's.  In support of this argument, Defendant cites to
8  Plaintiff's medical history of falls, the fact that Plaintiff had
9  been to the hospital just a few hours prior to the fall at issue
10 here for treatment of a groin injury, the fact that Plaintiff was on
11 two different medications, the fact that Plaintiff has no
12 recollection of what occurred in Carrabba's restroom, and the fact
13 that the doctor suggested in the medical history that the fall was
14 the result of a "syncopal episode," that is, a fainting spell.
15      Because Plaintiff is the non-moving party to this motion, we
16 look upon the disputed evidence regarding the existence of water on
17 the floor in Plaintiff's favor.  We also infer from Plaintiff's
18 evidence concerning a janitor with a mop and pail that Defendant may
19 have had actual notice of water on the restroom floor.  These
20 circumstances alone, however, are not enough.  Even if there was a
21 large amount of water on the floor, and Defendant knew about it and
22 did not warn customers of it, Plaintiff's fall has to be caused by
23 Defendant's failure to clean or to warn Plaintiff of the water.
24 Here, Plaintiff has submitted very little evidence regarding
25 causation.  The argument seems to be that because there was water on
26 the floor and Plaintiff was found on the floor, there is sufficient
27 evidence to find that the water was the cause of his fall.
28

Defendant, on the other hand, has provided plenty of evidence supporting a contrary view of what happened in Carrabba's restroom. Plaintiff is elderly, and has a history of falls.[2] He was on medication when he entered the restroom.  His crutches were propped up against the urinal wall, suggesting that he made it that far before either slipping or falling.  He has no recollection of slipping.  In short, the evidence seems stacked highly in favor of Defendant's interpretation of events.  However, in Worth v. Reed, an elderly guest was found on the powder room floor of the hotel, after the maintenance man failed to inform her that his work cleaning the floor was not yet finished.  384 P.2d 1017, 1017-18 (Nev. 1963). Before the suit, the guest passed away due to unrelated reasons, and therefore was unable to present her version of how she fell, other than through hearsay.  Id. at 1017, 1019.  The defendant argued that there was insufficient evidence of causation in Worth, but the court concluded that the fact that she was found on the floor, and that there was evidence that the floor was slick and slippery, along with the hearsay evidence, provided evidence from which a jury could

---

[2] While Plaintiff testified that he does not have a history of falls, his medical history suggests otherwise.  In Scott v. Harris, the Supreme Court noted that when taking all inferences in favor of the non-moving party to a motion for summary judgment, the existence of incontrovertible or very reliable evidence to the contrary can overcome the presumption in favor of the non-moving party's version of facts.  550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").  While the medical records here are not as reliable as the videotape in Scott, we find that reports by Plaintiff's doctor of weakness in the legs cannot credibly be denied altogether by Plaintiff.

9

properly infer that the guest slipped and fell because of the water on the tiled floor. Id. at 1019.

As in Worth, the evidence regarding causation is slim in our case. However, taking all inferences in favor of Plaintiff, we conclude that a reasonable jury may find that Plaintiff slipped and fell because of the water on the floor.

As with the evidence of causation, the evidence of notice is slim. Without that evidence, Defendant would have been entitled to summary judgment in its favor. However, because Plaintiff has presented some evidence that, if taken in the light most favorable to Plaintiff, there was water on the ground and Carrabba's had actual notice of the water, and a jury may find that the water was the cause of Plaintiff's fall, Defendant's motion shall be denied. We conclude that there exists a genuine issue of material fact, namely, whether there was water on the men's room floor that caused Plaintiff's injuries.

### IV. Conclusion

While the evidence in favor of Plaintiff's allegations is slim, we conclude that there exist genuine issues of material fact concerning whether there was water on the men's room floor that caused Plaintiff's injuries, whether Carrabba's had actual or constructive notice of such water, and whether that water caused Plaintiff's fall. Based on the foregoing, Defendant's motion for summary judgment (#16) must be denied.

10

**IT IS, THEREFORE, HEREBY ORDERED** that Defendant's motion for summary judgment (#16) is **DENIED**.

DATED: June _21st_, 2011.

_____
UNITED STATES DISTRICT JUDGE

11